FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 28, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BLAYNE JEFFREY COLEY,<br><br>                           Petitioner,<br><br>    v.<br><br>JACK WARNER,<br><br>                           Respondent. | NO: 2:24-CV-00061-RMP<br><br>ORDER DISMISSING ACTION |

BEFORE THE COURT is Petitioner Blayne Jeffrey Coley's First Amended Petition, and several motions. ECF Nos. 7, 8, and 9. Petitioner is a *pro se* prisoner currently housed at the Monroe Correctional Complex - Sky River Treatment Center, formerly the Special Offenders Unit, and has paid the $5.00 filing fee for this action.

By Order filed March 22, 2024, the Court advised Petitioner of the deficiencies of his initial self-prepared petition and granted him sixty days to amend the petition to clearly and concisely state his grounds for federal habeas corpus relief and the facts supporting each ground. ECF No. 4 at 3. Specifically, the Court

ORDER DISMISSING ACTION -- 1

instructed that the amended petition consist of a short and plain statement showing Petitioner is entitled to relief and to specify how and on what grounds Petitioner presented his federal habeas claims to the highest state court. *Id.* at 10. On May 8, 2024, Plaintiff submitted a First Amended Petition with exhibits totaling more than 300 pages. ECF No. 7.

Petitioner again challenges his 2010 Grant County jury conviction for two counts of Rape of a Child in the Second Degree, for which he was sentenced to 120 months to life incarceration. *Id.* at 1. As stated in the Court's prior Order, to the extent that Petitioner is challenging his underlying conviction and sentence, his petition is time-barred. ECF. No. 4 at 5–8. He presents no statutory or equitable basis to toll the federal limitations period under 28 U.S.C. § 2244(d).

While Petitioner asserts that an "actual innocence" claim is an exception to the federal limitations period under 28 U.S.C. § 2244(d), he presents no facts raising a convincing claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial

ORDER DISMISSING ACTION -- 2

1   was free of nonharmless constitutional error.'" *Id.* at 401 (*quoting Schlup*, 513 U.S.

2   at 316). Petitioner makes no such claim of actual innocence in this proceeding.

3         Rather he contends, "May my articles, motions, declarations, affidavits, and

4   documents offer a lense to view the untimeliness, due to emotional capacity of a

5   secondary petition being dismissed, from direct appeal, to my state level PRP." ECF

6   No. 7 at 14. Petitioner seems to allege that he received an "emotional stock" when

7   his Personal Restraint Petition was disposed of without requesting that he submit an

8   opening brief or engage in discovery. *Id.* The Court can discern no plausible claim

9   of actual innocence from Petitioner's submissions.

10  **GROUNDS FOR FEDERAL HABEAS CORPUS RELIEF**

11        As his first ground for relief, Petitioner asserts, "The pro se petitioner moves

12  the court by motion, sua sponte, to acquire diplomatic self-governance in

13  sovereignty." ECF No. 7 at 5. He lists his second ground for relief as "Motion to

14  Review PRP, initial decision;" *Id.* at 7. His third ground for relief is: "Motions for

15  matters of: Negligence as proximate cause; Lourdes Counseling Center; ESH;

16  Walkin-Clinic encounters," *id.* at 8. The fourth ground for relief is: "Motions:

17  witness tampering, obstruction, and malice; Public Defender to examine witness –

18  ABA testimony standards." *Id.* at 10.

19        Petitioner requests the following forms of relief: "Investigate obstruction of

20  Justice, move to seal records, discover records, gag-order media vendor; upon

21  findings, dismiss with prejudice, settle for unlawful restraint." *Id.* at 15. It is unclear

ORDER DISMISSING ACTION -- 3

what Petitioner is requesting and none of Petitioner's assertions are cognizable grounds for federal habeas corpus relief.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner's assertions of sovereignty fail to show how his continued custody is contrary to law. The Court will not entertain Petitioner's arguments regarding "sovereign citizenship." *See e.g., Banks v. Florida*, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), report and recommendation adopted, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and finding that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time . . .").

In addition, this Court is precluded from exercising appellate jurisdiction over the decisions of the Washington state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)(holding that federal district courts may not exercise appellate jurisdiction over state court decisions); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). This rule applies even when the challenge to the state court's action involves federal constitutional issues. *See Feldman*, 460 U.S. at 484-86; *Worldwide Church of God v. McNair*, 805 F.2d 888, 892-93 (9th Cir. 1986). Therefore, pursuant to the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction over Petitioner's claims for appellate review.

ORDER DISMISSING ACTION -- 4

Although granted the opportunity to do so, Petitioner has failed to clearly and concisely present cognizable claims for federal habeas corpus relief. As for any claim that he has been improperly denied parole, Petitioner presents no facts supporting an inference that he has been denied parole in violation of his right to due process. *See Morrissey v. Brewer*, 408 U.S. 471, 481, 489 (1972).

Accordingly, **IT IS HEREBY ORDERED:**

**1.** This action is **DISMISSED** with prejudice pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts**.**

**2.** All pending Motions are **DENIED as moot.**

**3.** The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**. The District Court Clerk is **DIRECTED** to enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file.

**DATED** May 28, 2024.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DISMISSING ACTION -- 5